UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CATHY M.,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KILOLO KIJAKAZI,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　No. 1:21-cv-00313-MSM-LDA<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

　　Cathy M. ("Cathy" or "the Claimant") was 61 years old when, according to her application for Social Security disability benefits, she became totally disabled due to severe depression and anxiety, PTSD, and related mental health conditions. Until then, she enjoyed a long work career as a senior claims examiner with a nationally-known insurance company. Ultimately, however, sexual assaults that she had failed to reveal for decades caught up with her, she suffered a breakdown in May 2018, and took an early retirement. By the onset of 2020, she had begun living "like a hermit," venturing out of her house only when necessary and usually only in the very early morning hours when she would not run into anyone. (ECF No. 8, pp 12–13.)

　　She was denied disability benefits by the Administrative Law ("ALJ") on December 23, 2020. He found, after reaching Step 5 of the mandated 5-step analysis, that notwithstanding the opinion of her then-treating psychologist, she could perform

1

the requirements of jobs that existed in the economy, thus disqualifying her for benefits. The ALJ credited instead the opinions of state agency experts, noting that her treating psychologist did not begin to see her until after the time period at issue. Cathy moved in this Court to reverse that decision. (ECF No. 12.) On May 9, 2022, Magistrate Judge Lincoln D. Almond issued a Report & Recommendation ("R&R") recommending denial of Cathy's Motion to Reverse and granting of the Motion of the Social Security Commissioner to affirm the ALJ Decision. (ECF Nos. 13, 16.) Cathy objected to the R&R (ECF No. 19) and the matter is therefore before this Court for review pursuant to 42 U.S.C. § 405(g) (judicial review of final decisions of the Commissioner of social Security).   .

Cathy's primary complaint is that the state agency experts' opinions upon which the ALJ relied, should have been rejected because they were rendered before January 2020 and therefore did not take account of the opinion of her treating psychologist who provided therapy to her throughout 2020 and who was the first provider to whom she revealed her history of traumatic sexual assault. It was those experiences that explained the depth of her lifelong depression, she argued, and the agency experts, who did not know of them, could not have rendered complete and reliable opinions. In addition, she faults the Appeals Council which determined that the 2020 evaluation and opinion were not new evidence that might have changed the outcome of the administrative decision.

The statute that gives this Court jurisdiction to review the denial of disability benefits does not permit the exercise of substituted judgment for that of the ALJ.

Although the Court is bound to review all the evidence, it must nonetheless affirm the decision if substantial evidence exists to support it, if there has not been an error of law, and if the ALJ's decision reveals a proper application of appropriate law. *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir. 1999) (*per curiam*).

This Court's review of the case is independent. After having carefully reviewed the relevant papers, the Court finds the Objection of the Claimant (ECF No. 19) to be unpersuasive and ACCEPTS the R&R, adopting both the recommendation and reasoning forth therein. Accordingly, the Motion to Reverse (ECF No. 12) is DENIED and the Motion to Affirm (ECF No. 13) is GRANTED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: November 14, 2022